**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-501C

(Filed: September 26, 2016)

**FILED**
SEP 2 6 2016
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*

|  |  |
|---|---|
| TROY THOMPSON, | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*

### OPINION AND ORDER

In this pro se case, Plaintiff Troy Thompson seeks damages for alleged breach of a settlement agreement (the "Agreement") he entered into with his employer, the U. S. Department of Veterans Affairs (the "Agency"). Defendant has filed a Motion to Dismiss for lack of subject matter jurisdiction under this Court's Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6). The motion has been fully briefed and is ready for decision.

### Background

The Agreement was executed in July 2015, and provides for a $30,000 payment to Mr. Thompson to settle a complaint he had filed with the U.S. Office of Special Counsel ("OSC"). Compl. Ex. Page 18. In return, he agreed to waive among other rights, all rights to raise further challenges to the conduct complained of in his OSC complaint. Id. Plaintiff's pleadings are confusing as to the time and amount of payment, but it is clear that he did receive the payment in full. Compl. ¶ 7, Ex. Page 16. However, he is not satisfied with the form and timing of the payment. The agreement provides that the Agency "will make every effort" to make payment within 15 days after final signature of the Agreement, which occurred on July 9, 2015. Id. Page 19. Despite this promise, the Agency did not make the payment until August 12, 2015, which was 18 days later than the original 15-day "best-efforts" goal described in the Agreement. Plaintiff views the late payment as a

7012 3460 0001 7791 6954

compensable breach of the Agreement, and in his complaint seeks damages of at least "$1,000 per day" as "delay damages", although the Civil Cover Sheet he filed with the case specifies a larger claim of $27,000 plus costs. In addition, Plaintiff complains of the "Vendor" form used by the Agency to process and deliver the payment to him. He alleges no direct injury resulting from use of the form, although he clearly does not view himself as a vendor in this situation.

## Standard of Review

The Court must first determine whether a plaintiff has established subject matter jurisdiction before proceeding to review the merits of the complaint. Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005). The jurisdiction of this Court is limited and extends only as far as prescribed by statute. Id. at 1172. Complaints filed by pro se plaintiffs are held to less stringent standards than those composed by lawyers; however this does not relieve a pro se litigant from meeting his burden to establish jurisdiction. Failure to meet that burden requires this Court to dismiss for lack of jurisdiction under Rule 12(b)(1). Outlaw v. United States, 116 Fed. Cl. 656, 658 (2014) (citations omitted). The Tucker Act, 28 U.S.C. § 1491(a)(1), gives this Court jurisdiction over "any express or implied contract with the United States." However, that statute has been interpreted to require a separate source of money damages to establish jurisdiction. Fisher, 402 F.3d at 1172. This could be a contract with the United States so long as the contract contemplates money damages for breach. Volk v. United States, 111 Fed. Cl. 313, 323 (2013).

Under the requirements of Rule 12(b)(6), a complaint fails to state a claim upon which relief may be granted "when the facts asserted by the claimant do not entitle him to a legal remedy." Briseno v. United States, 83 Fed. Cl. 630, 632 (2008) (citation omitted). The Court must construe allegations in the complaint favorably to the plaintiff. See Extreme Coatings, Inc. v. United States, 109 Fed. Cl. 450, 453 (2013). Still, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted)). Further, a plaintiff may not simply plead "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

## Discussion

Under Paragraph 1 of the Agreement, Mr. Thompson agrees not to pursue further any claims that were the subject of his OSC complaint, but this waiver does not include "any claims that may arise from a breach of any term of this Agreement." Compl. Ex. Page 18. This could be read to preserve the possibility of a claim for money damages; however, in Paragraph 2 of the Agreement, Mr. Thompson "specifically waives any claims for

attorney's fees, costs, expenses, back pay, front pay, interest, lost wages, benefits, placement in position, general damages, compensatory damages, liquidated damages, costs, and/or other expenses." Thus, the Agreement precludes any monetary damage remedy other than for failure to pay the agreed settlement sum, which is not claimed here. For that reason, this Court has no jurisdiction to review the Agency conduct complained of here.

Even if this Court were to exercise jurisdiction, Mr. Thompson has failed to satisfy the requirement of Rule 12(b)(6) to state a claim for which relief may be granted. While the Agency payment was 18 days later than contemplated in the Agreement, Plaintiff does not allege any damage resulting from the delay. Moreover, if his demand for "delay damages" could be construed as interest, he specifically waived all claims relating to interest in the agreement.

For the reasons set forth herein, Defendant's Motion to Dismiss is GRANTED. The Clerk is directed to dismiss this case without prejudice.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge